# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| GLENDELLA MAY, | * |
| | *    No. 17-081V |
|           Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | * |
| | *    Filed: June 15, 2018 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *    Attorneys' fees & costs. |
| | * |
|           Respondent. | * |

* * * * * * * * * * * * * * * * * * *

<u>John William Grimm</u>, The Limbaugh Firm, Cape Girardeau, MO, for petitioner;
<u>Althea Davis</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Glendella May brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. She now seeks an award for attorneys' fees and costs. She is awarded her requested amount in full, $9,063.13.

\*    \*    \*

Represented by John William Grimm, Ms. May filed her petition for compensation on January 18, 2017. Ms. May claimed that a flu vaccination she received on November 26, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer Guillain-Barré syndrome. The parties

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

were able to informally resolve the case, entering a joint stipulation that was then adopted.  Decision, issued Jan. 16, 2018, 2018 WL 1023025.

On February 2, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting $8,610.00 in fees and $453.13 in costs.

Six days later, respondent filed his response to petitioner's motion.  In his response, respondent did not object to petitioner's request.  Resp't's Resp. at 2. Instead, respondent stated that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award" and that aside from the issue of whether an interim fees award is appropriate, he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met."  Id.

This matter is now ripe for adjudication.

\*    \*    \*

Because Ms. May received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether Ms. May's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

    A.    Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid

2

Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorney's work was done outside of the District of Columbia. Petitioner requests $275.00 per hour for 2016, $300 per hour for 2017, and $325 per hour for 2018.[2] Petitioner supports her requested rates through affidavits from her attorney and his peers. See Pet'r's exhibits E, F, and G. The requested rates are reasonable.

    B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The entries describe the activities with sufficient detail that the reasonableness of the work may be assessed. In general, the work and the charge for the work are reasonable.

    C.    Costs

Petitioner also requests $453.13 in costs, comprising the $400.00 filing fee and $53.13 for the cost of obtaining medical records. These costs are reasonable and are also awarded in full.

---

[2] The year-to-year increase in rates is higher than typical, in the undersigned's experience. However, each of the rates falls within the bounds of a reasonable hourly rate.

3

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $9,063.13 in the form of a check made payable to petitioner and petitioner's attorney, John Grimm.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master